### MAYER et al. v. MADIGAN.

(Supreme Court, Appellate Division, First Department. May 17, 1912.)

VENUE (§ 52*)—CHANGE—CONVENIENCE OF WITNESSES.

In an action for the price of goods, it was improper to refuse to change the place of trial, for the convenience of witnesses, to the county where defendant's business was located, and where the goods were sold, where the principal issue was whether defendant owned the business at the time in question.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Appeal from Special Term, New York County.

Action by Ernest I. Meyer and others, partners as A. G. Marshuetz & Co., against Thomas Madigan. From an order refusing to

change the place of trial, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Cornelius Hannan, of Troy, for appellant.

Francis Gilbert, of New York City (A. S. Gilbert, of New York City, on the brief), for respondents.

LAUGHLIN, J. The basis of the motion is the convenience of witnesses. The action is brought to recover $155.45, with interest from the 23d day of May, 1911, being the purchase price of liquors alleged to have been sold to the defendant. The plaintiffs were co-partners engaged in business as wholesale liquor dealers, having their office and place of business in the city and county of New York. The liquors were delivered to a saloon and restaurant at the junction of First and Fourth streets, in the city of Troy, N. Y., where the contract for the purchase thereof was negotiated between one of plaintiffs and one Patrick T. Madigan, the defendant's son. It is claimed on the part of the plaintiff that the defendant, who had theretofore owned and conducted the saloon and restaurant, owned and conducted it at this time, and that in purchasing the liquors his son acted as his agent. On the part of the defendant, it is contended that he had no interest in the business, that his son was not his agent, and owned and conducted the business and purchased the liquors on his own account.

The principal issue, therefore, is as to whether the defendant owned and conducted the saloon and restaurant at the time in question. The witnesses who can give material testimony on this issue, as might be expected, for the most part reside in Rensselaer county, where the contract was made and performed. The plaintiffs went to that county to sell their goods, and, although the amount involved is small, they should, in the circumstances, be required to go there to enforce the contract.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted with $10 costs. All concur.